**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-1409-RMR-SBP

HAEMONETICS CORPORATION,
a Massachusetts Corporation,

Plaintiff and Counterclaim Defendant,

v.

TERUMO BCT, INC.,
a Colorado Corporation,

Defendant and Counterclaim Plaintiff.

---

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE MOTION TO RESTRICT OUT OF TIME**

---

Plaintiff and Counterclaim Defendant Haemonetics Corporation ("Haemonetics") respectfully moves under Federal Rule of Civil Procedure ("Rule") 6(b)(1)(B) to file out of time its Unopposed Motion to Restrict Exhibits D, E, and F to the Counterclaims and Answer and Defenses to Second Amended Complaint of Defendant and Counterclaim Plaintiff Terumo BCT, Inc. ("Terumo") (Dkts. 108, 109, 110) (the "Motion to Restrict"). As noted below, Terumo does not oppose the relief requested.

In support of this Motion, Haemonetics states as follows:

1. Haemonetics filed its Complaint for patent infringement on May 5, 2025. Dkt. 1.

2. On October 14, 2026, Terumo filed its Counterclaims and Answer and Defenses to Second Amended Complaint (Dkt. 107), together with Exhibits D, E, and F (Terumo's infringement charts for U.S. Patent Nos. 12,741,074; 12,357,742; and

11,980,707) under Level 1 Restriction (Dkts. 108, 109, 110). Each exhibit extensively reproduces Haemonetics' confidential technical documents concerning its NexSys PCS plasma collection system, which Haemonetics produced under the Stipulated Protective Order (Dkt. 52) and designated "Confidential" and "Highly Confidential – Outside Counsel Eyes Only."

3. Under D.C.COLO.LCivR 7.2(e), a document filed under restriction without an accompanying motion to restrict retains its restriction for fourteen (14) days. A motion to restrict Exhibits D, E, and F was therefore due on or before October 28, 2026.

4. Due to an inadvertent oversight by Haemonetics' counsel, that deadline was missed. The oversight was not intentional and was not the product of any strategic choice. Upon learning of the oversight, Haemonetics promptly conferred with Terumo and began preparing the Motion to Restrict and its supporting declaration. Exhibits D, E, and F remain under Level 1 Restriction on the docket.

5. Haemonetics requests leave to file the Motion to Restrict out of time, by November 25, 2026. The additional time will allow Haemonetics to finalize the Motion to Restrict and the supporting declaration of a Haemonetics representative addressing each requirement of D.C.COLO.LCivR 7.2(c).

6. Where a deadline has passed, the Court may extend it "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The inquiry is equitable and considers "the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v.*

*Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *see also United States v. Torres*, 372 F.3d 1159, 1162–63 (10th Cir. 2004).

7. Excusable neglect exists for the requested extension. First, Terumo does not oppose the relief requested and suffers no prejudice: Level 1 Restriction limits access to the parties and the Court, so Terumo has had, and will continue to have, full access to the exhibits, and the exhibits have remained, and will remain, restricted throughout. Second, the delay is approximately one month and affects no other deadline, hearing, or ruling in this case. Third, the delay resulted from an inadvertent oversight by counsel, not from any lack of diligence in protecting the underlying information, which Haemonetics has consistently designated and maintained as confidential. Fourth, Haemonetics acted promptly once the oversight was discovered.

8. The equities also weigh strongly in favor of relief. The exhibits reproduce Haemonetics' software requirements specifications and other non-public technical information, the public disclosure of which would cause Haemonetics serious and irreversible competitive harm. Denying an extension for a short, inadvertent delay would permanently expose that information to Haemonetics' competitors.

9. This Motion is made in good faith.

## CERTIFICATION OF CONFERRAL PURSUANT TO D.C.COLO.LCivR 7.1(a)

10. Pursuant to D.C.COLO.LCivR 7.1(a), counsel for Haemonetics conferred with counsel for Terumo via email on November 19, 2026, regarding the relief requested in this Motion. Counsel for Terumo stated that Terumo does not oppose.

## RELIEF REQUESTED

WHEREFORE, Haemonetics respectfully requests that the Court grant this Motion and grant Haemonetics leave to file a Motion to Restrict Exhibits D, E, and F (Dkts. 108, 109, 110) by November 25, 2026, and direct that Exhibits D, E, and F remain under Level 1 Restriction pending the Court's ruling on that motion. A proposed order is submitted herewith.

Dated: November 20, 2026

By: */s/ Carolyn Juarez*___________
Carolyn Juarez
NOD Law PC
726 Front St.
Suite 220
Louisville, CO 80027-1881
Telephone: (720) 536-4904
Email: carolyn@nod-law.com

Erik B. Milch
Elizabeth Shrieves
Proskauer Rose LLP
1001 Pennsylvania Ave., NW
Suite 600 South
Washington, DC 20004-2533
Telephone: (202) 416-6899
Email: emilch@proskauer.com
Email: eshrieves@proskauer.com

Joseph M. Drayton
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036-8299
Telephone: (212) 969-2900
Email: jdrayton@proskauer.com

Alan S. Teran
Proskauer Rose LLP
2255 Glades Road
Suite 421 Atrium
Boca Raton, FL 33431-7360
Telephone: (561) 995-4723
Email: ateran@proskauer.com

Brady Schoenlein
Proskauer Rose LLP
2029 Century Park East
Suite 2400
Los Angeles, CA 90067
Telephone: (310) 284-4530
Email: bschoenlein@proskauer.com

*Counsel for Haemonetics Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that, on November 20, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record. Pursuant to D.C.COLO.LCivR 6.1(c), the foregoing has been served by counsel on Haemonetics Corporation.

*/s/ Carolyn Juarez*__________________
Carolyn Juarez
*Counsel for Haemonetics Corporation*